NIMMONS, Judge.
Lawrence R. Haley, who had sustained injuries in a 1980 automobile accident, appeals from a final judgment entered after a bench trial in which the trial court denied his claim against State Farm for recovery under a no-fault provision of his insurance policy. We affirm.
Haley, a disabled veteran who qualified for YA benefits under a federal vocational rehabilitation program, enrolled in August 1980 in a one-year licensed practical nursing program at the Vo-Tech Center in Suwan-nee County. He was eligible to receive YA benefits while enrolled in this program and, at the time of the accident, was receiving a subsistence allowance of $531 plus tuition and books.
On September 25, 1980, Haley fell out of the back of a pickup truck and sustained injuries for which he was hospitalized for 17 days and for which he remained under doctors’ care until July 1981.
Haley’s VA benefits for the vocational program were terminated in October 1980 since he was unable to continue in school. Haley was released by his doctor in July 1981 to resume his normal activities but was advised not to resume training for a nursing career because he was not “physically capable of working with patients.” Instead, Haley decided to study for the ministry and, at the time of the trial, was pastor of a church in Montana. Since ministerial studies did not qualify for VA educational benefits, he did not use any of the VA vocational educational eligibility therefor.
Haley sought recovery from State Farm for sums lost in an amount equal to the monthly benefits he had been receiving from VA. State Farm denied the claim and Haley filed suit to recover on the personal injury protection (PIP) benefits of the policy-
In conformance with the requirements of Section 627.736(l)(b), Florida Statutes (1979), the policy provided coverage for “loss of income and earning capacity due to the insured’s inability to work caused by his or her bodily injury.”
At trial, Haley did not seek to recover on the basis of any diminution in earning capacity. Indeed, no evidentiary predicate was attempted by Haley which would have supported a finding of any diminution in earning capacity. Instead, Haley’s claim was based upon his assertion that the termination of his educational benefits was a loss of income within the meaning of the policy and his claim was limited to recovery of those amounts which he had been receiving as VA benefits.
In the final judgment, the trial court observed that “this case revolves around the interpretation of Toss of earning capacity’ ” under the above statute and then went on to hold that, at the time of the accident, Haley “had no earning capacity and therefore could suffer no loss thereof.” We do not agree that the case revolved around the interpretation of “loss of earning capacity.” As previously noted, Haley did not even attempt to base his claim on such ground but instead asserted that the loss of the VA benefits was a loss of income under the policy. As to that assertion, the trial court ruled that the benefits had not been lost but merely deferred because he would remain eligible to obtain such vocational educational benefits until at least 1992.
Although the record does not reflect the specifics regarding the period of time for which a disabled veteran such as Haley is entitled to receive continuous monthly ben *916 efits for qualified vocational training programs, the parties at least tacitly concede that the 1992 eligibility period would have allowed Haley far more time than he would need to take full advantage of the balance of VA benefit “reserve.” Unlike lost income or wages, Haley has the capability of recouping from VA during his period of eligibility the sums he allegedly lost. We, therefore, agree with the trial court that Haley cannot be considered to have lost the sum of money which he had been receiving when he was attending school.
We are also of the view that the termination of the monthly payments Haley was receiving for attending school cannot be fairly construed to be “loss of income due to the insured’s inability to work caused by his bodily injury.” Although there appears to be little authority on this precise point, we are of the view that Haley’s attendance at school cannot be construed as “work” within the meaning of the statute and policy. In Tennessee C.I. & R. Co. v. Muscoda Local 123, 321 U.S. 590, 64 S.Ct. 698, 88 L.Ed. 949 (1944), the court interpreted the meaning of the word “work” as used but not defined in the Fair Labor Standards Act:
And, in the absence of a contrary legislative expression, we cannot assume that Congress here was referring to work or employment other than as those words are commonly used — as meaning physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business.
For the reasons stated, the judgment appealed is AFFIRMED.
ROBERT P. SMITH, Jr., and SHIVERS, JJ., concur.